**WILLIAM R. TAMAYO, SBN 084965 (CA)**
**MARCIA L. MITCHELL, SBN 18122 (WA)**
**DAVID F. OFFEN-BROWN, SBN 063321 (CA)**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY**
  **COMMISSION**
**San Francisco District Office**
**350 The Embarcadero, Suite 500**
**San Francisco, CA 94105-1260**
**David.Offen-Brown@eeoc.gov**
**Telephone:  (415) 625-5652**

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**CRIME SCENE CLEANERS, INC.,**<br><br>Defendant. | CASE NO. CV-11-04269 MEJ-EDL<br><br>**CONSENT DECREE** |

## I. INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (EEOC) filed this action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), and Title I of the Civil Rights Act of 1991.  The EEOC alleged that Defendant Crime Scene Cleaners, Inc. (CSC or Defendant) subjected Charging Party Kristi Nunez to gender discrimination by not hiring her because she is a woman, and that Defendant did not make and maintain personnel and employment records as required by Title VII.  Defendant answered the complaint and denied it violated Title VII.

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree.  The Parties agree to the jurisdiction of the Court over this action.  The parties agree that this Consent Decree is fair, equitable, and reasonable, and does not violate the law or public policy.

## II. NON-ADMISSION OF LIABILITY

This Consent Decree is not an adjudication or finding on the merits of this case and shall not

**CONSENT DECREE**
**CV-11-04269 MEJ**

be construed as an admission of a violation of Title VII by Defendant.

The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree in its entirety.

Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## III.  GENERAL PROVISIONS

1. This Court has jurisdiction over the subject matter and the parties to this action.

2. This Consent Decree constitutes a full resolution of the EEOC's Complaint in EEOC v. *Crime Scene Cleaners*, Case No. CV-11-04269 MEJ-EDL.

3. This Consent Decree shall become effective upon its entry by the Court and shall remain effective for three (3) years after its entry.

4. This Consent Decree is final and binding upon the Parties and their successors and assigns.

5. The Parties shall bear their own costs and attorney fees in this action.

## IV.  GENERAL INJUNCTIVE RELIEF

Defendant and its officers, agents, employees, successors, assigns, and all persons in active concert or participation with it, both at the time that this Decree becomes effective and for the duration of this Decree, are enjoined from (a) unlawfully discriminating against any employee due to his or her gender or (b) retaliating against any employee because he or she: (i) opposes or opposed discriminatory practices made unlawful by Title VII; (ii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of discrimination; or (iii) assists, assisted, participates or participated in an investigation (including without limitation any internal investigation undertaken by Defendant) or proceeding brought under the Federal laws prohibiting discrimination or retaliation.

## V.  SPECIFIC INJUNCTIVE RELIEF

In order to effectuate the objectives embodied in this Consent Decree, Defendant shall make the following modifications to its existing policies, procedures and practices.

**A.     Policy Changes**

1.     Within thirty (30) days after entry of this Consent Decree, Defendant shall revise its personnel policies and practices to include the following:

(a)     Clear and complete definitions of discrimination on the basis of gender, race, religion, national origin, disability, age and color, including harassment and reasonable accommodation and examples to supplement the definitions.

(b)     A statement that discrimination is illegal, prohibited, and will not be tolerated.

(c)     A procedure for lodging complaints of discrimination, including language that complaints of discrimination, failure to accommodate religion or disability, harassment and/or retaliation will be accepted and investigated irrespective of whether they are made verbally or in writing.  The policy shall also include a clear and strong statement encouraging persons who believe they have faced discrimination to raise complaints with Defendant's officials.

(d)     The identification of specific individuals, including their telephone numbers, with whom employees can lodge a complaint of discrimination and/or submit a request for reasonable accommodation.

(e)     A description of the consequences, up to and including termination, which will be imposed upon violators of the policies proscribing discrimination.

(f)     An assurance of maximum feasible confidentiality for persons who believe that they have been subjected to unlawful discrimination.

(g)     An assurance of non-retaliation for persons and witnesses who report to Defendant that they believe they have been subjected to unlawful discrimination.

(h)     These policies shall be disseminated to all employees within sixty (60) days of adoption and posted on a centrally located bulletin board.  These policies shall not be revised during the duration of this decree without first obtaining consent from the EEOC.

2.     Within thirty (30) days of entry of this Decree, Defendant shall adopt a policy instructing its employees how to preserve and maintain all personnel and employment records, in accordance with Title VII and the Americans with Disabilities Act (ADA) as set forth in 29 C.F.R § 1602.14 which states:

    Any personnel or employment record made or kept by an employer (including but not necessarily limited to requests for reasonable accommodation, application forms submitted by applicants and other records having to do with hiring, promotion, demotion, transfer, lay-off or termination, rates of pay or other terms of compensation, and selection for training or apprenticeship) shall be preserved by the employer for a period of one year from the date of the making of the record or the personnel action involved, whichever occurs later.  In the case of involuntary termination of an employee, the personnel records of the individual terminated shall be kept for a period of one year from the date of termination.  Where a charge of discrimination has been filed, or an action brought by the Commission or the Attorney General, against an employer under title VII, the ADA, or GINA, the respondent employer shall preserve all personnel records relevant to the charge or action until final disposition of the charge or the action. The term "personnel records relevant to the charge," for example, would include personnel or employment records relating to the aggrieved person and to all other employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates for the same position as that for which the aggrieved person applied and was rejected. The date of final disposition of the charge or the action means the date of expiration of the statutory period within which the aggrieved person may bring an action in a U.S. District Court or, where an action is brought against an employer either by the aggrieved person, the Commission, or by the Attorney General, the date on which such litigation is terminated.

    3.    Defendant shall also ensure that all medical records are segregated from other personnel records as required by the ADA.

    4.    The record keeping policy shall be disseminated to all personnel responsible for acquiring or maintaining personnel records within ten (10) days of adoption and they shall be informed that failure to comply with the policy could result in discipline up to and including termination.

    **B.**    **Training**

    1.    Defendant shall present to all of its current employees, including management employees, and its owner, at least two hours of mandatory equal employment opportunity training, once every year for the duration of this Consent Decree.  Office staff designated by CSC as responsible for record keeping will also receive record-keeping training.  Training shall be presented by an individual with experience in federal and state EEO laws approved in advance by the EEOC.  The cost of the training shall be borne by Defendant.

    2.    The training required by this Decree shall be in-person training, accompanied by materials, and shall educate the employees about the problems of discrimination in the workplace.

CONSENT DECREE    4.
CV-11-04269 MEJ

The purpose of the training will be to give participants a thorough understanding of discrimination and harassment issues, including but not limited to theories of liability under Title VII, the requirement to hire without regard to gender, sources of legal protection for victims of discrimination and harassment, and the employer's obligation to take preventive, investigative, and remedial action with respect to discrimination and harassment complaints, and to review company policies (including discipline policies) and practices related to discrimination, harassment, and retaliation. The training will further inform each participant that he or she is responsible for knowing and complying with the contents of Defendant's equal employment opportunity policy.

3. Thirty (30) days in advance of each training, Defendant shall provide to the EEOC a copy of the course syllabus for the training. This syllabus must be approved by the EEOC, which approval shall not be unreasonably withheld. The EEOC, with reasonable notice, may designate EEOC representatives to attend and participate in the training seminars, and the representatives shall have the right to fully participate in the seminars.

4. The first trainings - on equal employment opportunity and on record keeping - shall be held within ninety (90) days of the effective date of this decree; subsequent trainings will be held annually thereafter, and the last trainings will be given no later than two months prior to the expiration date of this decree.

5. All persons attending each mandatory equal employment opportunity training and each record keeping training, shall sign an acknowledgment of his or her attendance at the training, the date thereof, and his or her position with the company.

**C.     Reporting**

1. Within sixty (60) days of the entry of this Consent Decree, Defendant shall send to the EEOC a copy of the company's revised policies and procedures in accordance with Section V.A., above.

2. Within thirty (30) days after completion of the yearly employee and record keeping trainings described in Section V.B. above, Defendant shall send the EEOC appropriate verification of its completion of training, and shall provide a copy of the employee acknowledgment of attendance at training required by Section V.B.5. above.

CONSENT DECREE                                                    5.
CV-11-04269 MEJ

3. One year from the date of entry of this Decree and annually each year thereafter, Defendant shall report that records are being kept in accordance with the requirements of Title VII. This report shall include the number of and a description of the form (paper, electronic, etc.) of the applications received, how they are stored, what records were created concerning applications (e.g., interview notes, denial letters, etc.), and how personnel records are maintained once created.

4. Defendant shall submit a written certification to the EEOC verifying the company's compliance with the terms of the Consent Decree sixty (60) days prior to the expiration of this Consent Decree.

5. All documents or information required to be submitted by Defendant to the EEOC under the terms of this Consent Decree shall be sent to David F. Offen-Brown, Senior Trial Attorney, EEOC, 350 The Embarcadero, Suite 500, San Francisco, California 94105-1260.

## VI. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

1. This Court shall retain jurisdiction over this matter and the Parties for the purpose of enforcing compliance with the Consent Decree, including issuing such orders as may be required to effectuate its purposes.

2. The duration of this Consent Decree shall be three (3) years from the date of entry of the Decree, provided that Defendant has complied substantially with the terms of this Consent Decree. Defendant shall be deemed to have complied substantially if the Court has not made any finding or orders during the term of the Consent Decree that the Defendant has failed to comply with any terms of this Consent Decree.

3. If the EEOC has reason to believe that Defendant has breached this Decree, the EEOC may bring an action before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendant's legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the EEOC believes Defendant has breached. Absent a showing by either party that the delay will cause irreparable harm, Defendant shall have forty-five (45) days from the date of notice (Dispute Resolution Period) to attempt to resolve or cure the breach.

4. The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

5. After the expiration of the Dispute Resolution Period, the EEOC may initiate an enforcement action in this Court, seeking all available relief.

6. The EEOC may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that the Defendant has not complied with this Decree, in whole or in part, it may impose appropriate relief, including an extension of the duration of this decree and other relief the court deems appropriate.

7. This case shall be dismissed with prejudice upon the expiration of this Decree.

It is so agreed.

Dated: December 5, 2012

*//s// David F. Offen-Brown*
DAVID F. OFFEN-BROWN
U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Attorneys for Plaintiff

*//s// Eric Angstadt*
ERIC ANGSTADT
MILLER & ANGSTADT
Attorneys for Defendant

**IT IS SO ORDERED.**

Dated: December 6, 2012



**CONSENT DECREE**
**CV-11-04269 MEJ**

7.